IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BCL CAPITAL FUNDING, LLC § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 4:15-cv-01117 | |
| § | | |
| RAM COTULLA, LLC; § | | |
| KRISHNA DILLEY, LLC; § | JURY TRIAL DEMANDED | |
| RITESH PATEL; § | | |
| BIPIN PATEL; § | | |
| NEETA PATEL; § | | |
| ATUL PATEL; § | | |
| ASHWIN GAJERA and § | | |
| RRDS FLP, LTD. § | | |
|     Defendants. § | | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

BCL Capital Funding, LLC files this Second Amended Complaint.

**Parties**

1. BCL Capital Funding, LLC ("BCL") is a business entity organized under the laws of Illinois with its principal place of business in Northbrook, Illinois. BCL may be served with any pleading or paper through the undersigned counsel.

2. Ram Cotulla, LLC ("Ram") is a limited liability company organized under the laws of Texas with its principal place of business in Seabrook, Texas. Ram has appeared in this matter and may be served through its counsel of record: Todd A. Prins and Travis M. Parks, PRINS LAW FIRM, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

3. Krishna Dilley, LLC ("Krishna") is a limited liability company organized under the laws of Texas with its principal place of business in Seabrook, Texas. Krishna has appeared in this matter and may be served through its counsel of record: Todd A. Prins and Travis M. Parks, PRINS LAW FIRM, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

4. Ritesh Patel is an individual who resides in this judicial district. Mr. Patel has

appeared in this matter and may be served through his counsel of record: Todd A. Prins and Travis M. Parks, PRINS LAW FIRM, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

5.    Bibin Patel is an individual residing in Texas, but outside this judicial district. Mr. Patel has appeared in this matter and may be served through his counsel of record: Todd A. Prins and Travis M. Parks, PRINS LAW FIRM, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

6.    Neeta Patel is an individual who, on information and belief, resides within this judicial district. Ms. Patel may be served with process at her residence located at 1510 Harbour Estate Circle, Seabrook, TX 77586 or wherever she may be found.

7.    Atul Patel is an individual who, on information and belief, resides within this judicial district. Mr. Patel may be served with process at her residence located at 1510 Harbour Estate Circle, Seabrook, TX 77586 or wherever she may be found.

8.    Ashwin Gajera is an individual who, on information and belief resides outside this judicial district. Ms. Gajera may be served with process at her residence located at 3852 Tavern Oaks Street, San Antonio, TX 78247 or wherever she may be found.

9.    RRDS FLP, LTD. is a limited partnership organized under the laws of Texas. RRDS may be served with process through its registered agent, RRDS FLP GP, LLC at 1510 Harbour Estate Circle, Seabrook, TX 77586.

## Jurisdiction and Venue

10.    The court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and involves a dispute between a citizen of one State and citizens of another State.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as all Defendants are residents of Texas and one or more of the Defendants resides in the District.

## Background Facts

12. BCL is a non-traditional lender that specializes in lending to entrepreneurs and startups who do not have access to traditional bank financing. Among other business segments, BCL provides this non-traditional financing to purchasers of commercial real property.

13. In the Fall of 2013, Strata Realty, LLC ("Strata") sought financing from BCL for the acquisition of two Super 8 Hotels located in South Texas. Both hotels were located near the Eagle Ford Shale Formation and earned much of their purported revenue by providing lodging to employees of oilfield service companies working in the area. One hotel, owned by Ram is located in Cotulla, Texas. The other hotel, owned by Krishna, is located in Dilley, Texas. On information and belief, both Ram and Krishna are owned by co-defendants Ritesh Patel, Bipin Patel, Neeta Patel, Atul Patel, Ashwin Gajera, and RRDS FLP, Ltd (collectively the "Remaining Defendants").

14. Also in the Fall of 2013, and prior to agreeing to loan funds to Strata, BCL conducted due diligence, which included among other things, receiving from Ram and Krishna documents related to the financial performance of both hotels. On information and belief, the Remaining Defendants provided this information to BCL and Strata directly or authorized and instructed said financial documents to be transferred from Ram and Krishna to BCL. Additionally, both Ritesh and Bipin Patel met BCL staff on site at the hotels to confirm the information set forth in the financial records of both hotels provided by Ram and Krishna as well as to confirm the performance of both hotels. On information and belief, the Remaining Defendants assisted Ram and Krishna in providing financial information to BCL and its

borrower during the underwriting process. BCL then obtained a third-party valuation of the Defendants' hotels based upon the financial information provided by the Defendants. This valuation reflected a combined value for both hotels in the amount of $13,600,000.00. BCL also obtained and reviewed third-party appraisals of the Defendants' hotels prepared at Strata's request, which, on information and belief, relied upon financial information and documents provided to Strata by the Defendants, which indicated a value consistent with their valuation. Based upon the value reflected in BCL's valuation and Strata's appraisals, BCL agreed to loan $8,800,000.00 to Strata for purchase of the Defendants' hotels.

15.     On or about March 14, 2014, funding of the loan to Strata closed. The loan was secured by a deed of trust against both hotels, which provided BCL with the right to foreclose upon Strata's default. Contemporaneously, Strata purchased both hotels and transferred BCL's loan proceeds to Ram and Krishna. Also at that time, Ram and Krishna transferred these funds to the Remaining Defendants. On further information and belief, this constituted a transfer of all or virtually all assets of both Ram and Krishna, thus leaving both entities insolvent and without any means to pay a judgment against them. Subsequent to this purchase, Strata set about operating both hotels.

16.     Almost immediately, it became apparent that Strata could not operate the hotels profitably. As a result, Strata defaulted on its loan agreements with BCL within two months of purchase. BCL subsequently foreclosed under its deeds of trusts, and both hotels were sold at auction. The foreclosure sales did not remotely cover the amount BCL lent to Strata. As a result, BCL suffered a $4,565,205.21 loss by virtue of Strata's default.

17.     After the foreclosures, BCL learned that the financial documents and information provided by Ram and Krishna, and confirmed by the Patels were materially false. On

information and belief, both Ram and Krishna drastically overstated the ability of both hotels to generate revenue. On further information and belief, both Ram and Krishna were double billing and overbilling the oilfield services companies who used their hotels to house their employees. At a minimum, Ram and Krishna overbilled and/or double billed Trican Well Services, LP ("Trican") $1,070,340.26 in the nine months prior to BCL's approval of its loans to Strata. As a result, Trican filed suit against Krishna and Ram for this overbilling in November 2013, the exact time BCL was conducting its due diligence. None of the Defendants disclosed the existence of this lawsuit to BCL or Strata, nor did they provide correct financial taking into account the double and overbilling they were aware occurred.

18. The Defendants' misrepresentations drastically overstated the profitability and therefore the value of both hotels. Specifically, the Defendants failed to inform BCL that it was necessary to double or overbill in excess of $1,000,000.00 to achieve the profitability reflected in the Defendants' financial records. Further, on information and belief, Trican discontinued its use of the hotels owned by Ram and Krishna as a result of their billing practices. Ram, Krishna, and the Remaining Defendants were both aware that Trican had discontinued their use of the Defendants' hotels, but did not inform BCL or Strata of this fact. By failing to disclose the dispute between Trican and the Defendants, the Defendants prevented BCL from learning that a source of millions of dollars of revenue of the hotels would simply cease to exist. Had the Defendants' disclosed the manner in which they generated their revenue, or the dispute between the Defendants and Trican, BCL would not have approved the loan, and therefore would never have suffered the $4,565,205.21 loss that occurred.

## Causes of Action

### Cause of Action 1--Common Law Fraud By Non-Disclosure (Against All Defendants)

19. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

20. The Defendants concealed from or failed to disclose certain facts to BCL. Specifically, the Defendants failed to disclose that their hotels generated revenue through improper means, that Ram and Krishna were the subject of litigation relating to overbilling at the exact moment it was providing financial information to BCL that reflected revenue generated through these fraudulent billing practices, or that Trican would no longer use the Defendants' hotels by virtue of that legal dispute. As a result, the financial information provided by the Defendants to BCL painted a false and unrealistically positive picture of the value of the hotels owned by Krishna and Ram.

21. Defendants had a duty to disclose these facts to BCL.

22. The facts that the Defendants failed to disclose were material to BCL's decision whether to fund loans for the purchase of their hotels.

23. The Defendants knew that BCL was ignorant of the true facts, and that BCL did not have an opportunity to discover those facts.

24. The Defendants were deliberately silent when they had a duty to speak.

25. By failing to disclose material facts to BCL, the Defendants intended to induce BCL into funding loans that would subsequently be used to purchase hotels owned by Krishna and Ram.

26. BCL relied upon the nondisclosure of the Defendants.

27. BCL was injured as a result of acting without the knowledge of these undisclosed facts.

### Cause of Action 2--Common Law Fraud (Against All Defendants)

28. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

29. The Defendants made false and material representations to BCL regarding the financial performance of their hotels. Specifically, the Defendants indicated that their hotels generated a certain amount of revenue, and gave BCL the impression that those hotels could generate such revenue in the future. In reality however, the Defendants drastically overstated the amount of revenue the hotels could generate without improperly double or overbilling tenants, and failed to state that a major source or the revenue of hotels would cease as a result of a legal dispute related to such billing practices.

30. When the Defendants made these representations, they knew the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth.

31. The Defendants made the representation with the intent that BCL rely upon them, and BCL did in fact rely upon these representations.

32. The Defendants' representations caused BCL injury.

### Cause of Action 3--Negligent Misrepresentation (Against All Defendants)

33. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

34. The Defendants made a representation to BCL in the course of the Defendants' business or in a transaction in which they had an interest.

35. The Defendants supplied false information for the guidance of others. Specifically, the Defendants indicated that their hotels generated a certain amount of revenue, and gave BCL the impression that those hotels could generate such revenue in the future. In reality however, the Defendants drastically overstated the amount of revenue the hotels could

generate without improperly double or overbilling tenants, and failed to state that a major source or the revenue of hotels would cease as a result of a legal dispute.

36. The Defendants did not exercise reasonable care or competence in obtaining or communicating the information.

37. BCL justifiably relied on the Defendants representations.

38. The Defendants' negligent misrepresentations proximately caused injury to BCL.

**Cause of Action Four--Aiding and Abetting Fraud (Against the Remaining Defendants)**

39. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

40. On information and belief, each of the Remaining Defendants are shareholders, officers, or directors of Ram and Krishna. The Remaining Defendants were each aware that the financial information provided to BCL by Krishna and Ram was false, and each Remaining Defendant actively misrepresented the financial condition of the hotels owned by Krishna and Ram by 1) providing or causing to be provided inaccurate financial information; 2) confirming the accuracy of the financial documents provided by Ram and Krishna that they knew contained inaccurate and misleading information; 3) failing to disclose Ram and Krishna's fraudulent billing practices; 4) failing to disclose the existence of a dispute between Trican and the Defendants, and 5) failing to disclose that Trican would discontinue its use of the Defendants' hotels as a result of that dispute.

41. The Remaining Defendants knowingly participated in the fraudulent actions of Krishna and Ram. As shareholders, officers, or directors of Ram and Krishna they are vicariously liable for the torts in which they so participated.

**Cause of Action Five--Piercing the Corporate Veil (Against the Remaining Defendants)**

42. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

43. The corporate formality of Krishna and Ram should be disregarded, and the Remaining Defendants should be held personally liable because 1) the form of those companies was used as a sham to perpetrate a fraud; 2) those companies were organized and operated as a mere tool or business conduit of another; 3) the corporate form of those companies was used to evade an existing legal obligation; or 4) the corporate form was used to protect against discovery of a crime or to justify a wrong.

44. Alternatively, to the extent Section 21.223(b) of the Texas Business & Commerce Code applies, the court should impose personal liability against the Remaining Defendants because 1) they caused Ram and Krishna to be used for the purpose of perpetrating an actual fraud against BCL; and 2) they perpetrated an actual fraud on BCL primarily for their direct personal benefit.

**Cause of Action Six--Fraudulent Transfer (Against the Remaining Defendants)**

45. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

46. On or about March 17, 2014, Ram and Krishna transferred the proceeds of the sales of their respective hotels to the Remaining Defendants.

47. On information and belief, these transfers were made to the Remaining Defendants with actual intent to hinder, delay, or defraud creditors. Alternatively, on information and belief, Ram and Krishna made these transfers to the Remaining Defendants without receiving reasonably equivalent value in exchange and both Ram and Krishna (a) were insolvent when the transfers occurred or became insolvent as a result of such transfers, (b) were engaged or were about to engage in a business or transaction for the their remaining property was

unreasonably small capital, or (c) intended to incur or believed they would incur, debts beyond their ability to pay as they became due.

48. Pursuant to the Texas Uniform Fraudulent Transfer Act, BCL may avoid these transfers from Ram and Krishna to the Remaining Defendants or recover judgment from the Remaining Defendants in the amount of each such transfer along with pre- and post -judgment, interest, costs, and attorneys' fees.

## Exemplary Damages

49. BCL incorporates the allegations of Paragraphs 1-18 as if fully set forth herein.

50. The Defendants' tortious conduct, as set forth in this Complaint, was committed knowingly, intentionally, or recklessly. BCL is therefore entitled to an award of punitive damages in an amount to be set by the trier of fact.

## Conditions Precedent

51. All conditions precedent to BCL's recovery of the relief requested in this Complaint have occurred, been performed, or are waived.

## Jury Demand

52. BCL demands a trial by jury of this matter.

## Prayer

53. Based on the foregoing, BCL Capital Funding, LLC respectfully requests upon trial of this matter that the court enter judgment in BCL's favor for:

    a. Actual damages suffered by BCL by virtue of the Defendants' conduct alleged herein;

    b. Lost profits reflecting the lost interest payments due under BCL's loan with Strata;

    c. Cost of mitigation;

    d. Exemplary damages;

  e. Pre-judgment interest as allowed by contract, law or statute;

  f. Post-Judgment interest; and

  g. All other relief at law or in equity to which BCL is justly entitled.

          Respectfully submitted,

         By: */s/ M. Kevin Powers*
           M. Kevin Powers--*Attorney in Charge*
           State Bar No. 24041715
           5900 Memorial Drive, Suite 305
           Houston, TX 77007
           (713) 621-0700 (tel)
           (713) 621-0709 (fax)
           kevin@porterpowers.com

         **ATTORNEYS FOR BCL CAPITAL FUNDING, LLC**

**OF COUNSEL:**

**PORTER & POWERS, PLLC**
State Bar No. 24048741
5900 Memorial Drive, Suite 305
Houston, TX 77007
(713) 621-0700 (tel)
(713) 621-0709 (fax)

## CERTIFICATE OF SERVICE

  A true and correct copy of the foregoing was served via the court's ECF system or via United States first class mail, postage prepaid, on October 9, 2015, as follows:

Todd A. Prins
Travis M. Parks
PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
(210) 820-0833 (tel)
(210) 820-0929 (fax)

Grant M. Gaines
Patel Gaines
14414 Blanco Road, Suite 320
San Antonio, Texas 78216
(210) 460 - 7787 (tel)
(210) 460 - 7797 (fax)

                By: */s/ M. Kevin Powers*
                M. Kevin Powers